**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Micheal Ellis, | No. CV-19-04940-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to declare Plaintiff a vexatious litigant. (Doc. 53.) Plaintiff has failed to respond to Defendants' motion. Pursuant to LRCiv 7.3(i), this failure may be deemed consent to the granting of the motion, allowing the Court to dispose of the motion summarily. Nevertheless, turning to the merits, the Court finds that Defendants' motion is well-taken and will grant it for the following reasons.

The All Writs Act enables the Court to enter pre-filing orders against vexatious litigants when (1) the litigant has been given notice and a chance to be heard; (2) the district court has compiled an adequate record for review; (3) the district court makes substantive findings about the frivolous or harassing nature of plaintiff's litigation; and (4) the vexatious litigant order is narrowly tailored to the specific vice encountered. 28 U.S.C. § 1651(a); *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1996). The Court will address the four *De Long* factors, in turn.

First, Plaintiff was given notice of Defendants' request that a pre-filing order be

entered against him and was provided the opportunity to respond to Defendants' motion. Plaintiff has chosen not to respond. Second, Plaintiff's activities in this district have been numerous, giving the Court more than adequate record for review. In the span of little over a year, Plaintiff has filed six lawsuits—including the current matter—in this district against his ex-girlfriend, Kathleen Morse, and/or her employer, Circle K Stores, Inc. ("Circle K"), among others, which have been quickly dismissed. *See Ellis v. Circle K Co.*, 2:18-cv-01842-JAT; *Ellis v. Circle K Co.*, 2:18-cv-04088-JAT; *Ellis v. Circle K Co.*, 2:19-cv-01145-SPL; *Ellis v. Circle K Co.*, 2:19-cv-04525-MHB; *Ellis v. Circle K Sores Inc.*, 2:20-cv-00228-DJH-JFM.[1] However, Plaintiff has not confined this litigiousness to the federal courts. He has also recently appealed an order of protection sought by Ms. Morse all the way to the Supreme Court of Arizona; *Morse v. Ellis*, CV-20-0060-PR, and has filed charges against Circle K with the Office of the Arizona Attorney General. (Doc. 48-8.)

Third, Plaintiff's filings are frivolous and motivated by the intention to harass. Plaintiff's has a long history with Ms. Morse and Circle K. Ms. Morse and Plaintiff, then dating, were involved in a domestic dispute on March 21, 2017, which led to Plaintiff's arrest, indictment, and probation sentence requiring Plaintiff, among other things, to have no contact with Ms. Morse. (Doc. 48-3.) Thereafter, even though Ms. Morse's relationship with Plaintiff had ended, Plaintiff regularly loitered outside Ms. Morse's place of work, Circle K, with an open-carry handgun. (Doc. 48-4.) On one occasion, he entered the store to berate Ms. Morse; on another, he followed her coworker home. (*Id.*) In July 2017, Plaintiff was removed from Circle K by the police and told not to return. (Doc. 48-5.) On June 9, 2018, Plaintiff returned to the Circle K at 1:30 a.m. while Ms. Morse was working. (Doc. 48-6.) She called the police, who removed Plaintiff from the location and told him not to return. (*Id.*) Thereafter, Plaintiff began filing suits against Ms. Morse and Circle K.

---

[1] The Court dismissed the first case after giving Plaintiff two opportunities to amend his complaint, finding that Plaintiff had failed to allege a cognizable federal claim that would confer jurisdiction and had failed to state a claim upon which relief could be granted. (Doc. 53-2.) The Court similarly dismissed the remaining cases, finding that the complaint failed to state a claim upon which relief could be granted. (Doc. 53-4; Doc. 53-6; Doc. 53-8; Doc. 53-10.) Plaintiff appealed the fourth and fifth cases listed to the Ninth Circuit, which has dismissed Plaintiff's appeal on the fourth case.

Case 2:19-cv-04940-DLR   Document 56   Filed 04/23/20   Page 3 of 4

(Doc. 48-8; Doc. 48-9.) Plaintiff also continued to return to the Circle K location. On December 20, 2018, Plaintiff was charged with trespass at Circle K and the Phoenix municipal court ordered him not to return. (Doc. 49-1.) On April 27, 2019, Plaintiff returned, was charged with trespass and assault, and was held in custody for eight days. (Doc. 49-2.) On May 3 and 13, 2019, the Phoenix municipal court again ordered Plaintiff not to return to the Circle K or initiate any type of contact with Ms. Morse. (Doc. 49-3; Doc. 49-4.) Nevertheless, on May 29, 2019, Plaintiff returned to Circle K and confronted Ms. Morse. (Doc. 49-5.) He returned again on June 17, 2019 and filed the instant lawsuit—his fifth of six in federal court including his ex-girlfriend and her employer—in response to the alleged defamatory events of that day. (Doc. 1-3.) Plaintiff pled guilty to contempt and harassment on September 4, 2019 and was sentenced to 180 days imprisonment. (Doc. 49-7.)

Nevertheless, Plaintiff has continued to file new suits against Circle K and Ms. Morse[2] and to file confused and excessive filings in his ongoing cases. As an example, after being ordered to provide a more definite statement, Plaintiff has attempted to file five amended complaints in the current action, without seeking leave of court. However, these amendments do not save Plaintiff's complaint. Rather, Plaintiff's complaint seeks only to recover for the alleged defamatory acts of Defendants. Defamation is a state law claim, *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989), and complete diversity jurisdiction in this case is absent. Thus, even assuming Plaintiff's suit has any basis in fact, this Court does not have jurisdiction over it. As a result, the Court will dismiss this case with prejudice.

Fourth, an order requiring district court approval before Plaintiff may file an action in this district—to ensure that the action states a valid claim for relief rather than serves as a tool to harass—is narrowly tailored to prevent Plaintiff's abuse of the judicial process.

---

[2] Plaintiff has also begun suing members of Ms. Morse's family. For example, Plaintiff has included Defendant Charles David Hartz, Ms. Morse's uncle, in the instant suit. Defendant Hartz is neither a Circle K employee nor alleged to have been present at Circle K during the incident on June 17, 2019. Defendant Hartz's inclusion seems merely part of Plaintiff's goal of harassing Ms. Morse.

Plaintiff has exhibited a pattern of using the courts to vex those with whom he disagrees.[3] In the absence of such an order, the Court is convinced that Plaintiff will continue to flood the Court with frivolous suits that drain the Court's resources.   Accordingly,

**IT IS ORDERED** that Defendants' motion to declare Plaintiff a vexatious litigant (Doc. 53) is **GRANTED**.  Plaintiff Gregory Michael Ellis is hereby declared a vexatious litigant.

**IT IS FURTHER ORDERED** that Plaintiff is enjoined from filing any further actions or lawsuits in this district without first obtaining leave of the Court.

**IT IS FURTHER ORDERED** that in order to obtain leave of the Court, Plaintiff shall submit with his moving papers a copy of this Order and an affidavit stating that the claims have not been previously addressed and are not frivolous or lacking merit.  Failure to comply with the Court's Order will constitute sufficient grounds to deny Plaintiff's request for leave and to dismiss Plaintiff's suit.

**IT IS FURTHER ORDERED** that the Clerk provide a copy of this Order to the judges of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that the instant suit be dismissed with prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and terminate this case.

Dated this 23rd day of April, 2020.

Douglas L. Rayes
United States District Judge

---

[3] His vexatious filing tendencies are not limited to filing suit against Ms. Morse and Circle K.  As a most recent example, Plaintiff added the Phoenix municipal court as a defendant in his newest suit, alleging that it has been a part of "an orchestrated prosecution process over the length of two years to manufacture some other offense to bar access to [Circle K] from Plaintiff." (Doc. 53-10.)